# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TEKDOC SERVICES, LLC and | : | |
| LOU ANN NAPLES, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO.  3:08CV545 (MRK) |
| | : | |
| 3i-INFOTECH, INC. and | : | |
| RANBAXY, INC. | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

      This lawsuit was originally filed in state court by Lou Ann Naples and her company, Tekdoc Services, LLC ("Tekdoc"), against 3i-Infotech, Inc. ("3i").  The case was removed to federal court and during the course of discovery, Plaintiffs concluded that they should add Ranbaxy, Inc. ("Ranbaxy") to this case, which was done without objection by 3i.  Ranbaxy timely filed a Motion to Dismiss [doc. # 44] this action for lack of personal jurisdiction under Rule 12(b)(2) of the *Federal Rules of Civil Procedure*.  The Court allowed the parties to take discovery on the issue of personal jurisdiction, and Plaintiffs did so.  At argument on the motion, the parties agreed that if the Court concluded that there was no personal jurisdiction over Ranbaxy in Connecticut, the Court should transfer the case to the United States District Court for the District of New Jersey, under 28 U.S.C. § 1404(a), since there is no question that there is personal jurisdiction over both defendants in New Jersey and venue in that court is appropriate because most of the events in this case occurred in New Jersey.  Having considered the arguments of the parties and their evidence, the Court concludes that there is no personal jurisdiction over Ranbaxy in Connecticut.  Therefore, the Court transfers this

1

case to the District of New Jersey under 28 U.S.C. § 1404(a).

## I.

For purposes of the current motion, the Court takes the underlying facts from the Amended Complaint [doc. # 24], as supplemented by the parties' submissions on personal jurisdiction. Ranbaxy is a Delaware corporation with its principal place of business in Princeton, New Jersey. It has no facilities, property, or employees in Connecticut and does not distribute products to Connecticut. Ranbaxy supplies information technology and other services to other companies, including its parent corporation, Ranbaxy Laboratories Ltd. ("RLL"), a company based in India, and Ranbaxy Pharmaceuticals, Inc. ("Ranbaxy Pharmaceuticals"), another subsidiary of RLL that is based in Florida.

On July 30, 2004, Ranbaxy entered into a contract with 3i, under which 3i would provide Ranbaxy with "consultants" as necessary to perform services for Ranbaxy. The Ranbaxy-3i contract was negotiated, executed, and performed in New Jersey, which is where all of Ranbaxy's employees work. Thereafter, in January 2005, 3i entered into a contract with Tekdoc, Ms. Naples' company. The Tekdoc-3i contract was executed in Bucks County, Pennsylvania. Ms. Naples is an independent contractor and, under the Tekdoc-3i contract, she was to perform services for Ranbaxy in New Jersey. Ms. Naples came to the attention of 3i through an advertisement on Dice.com, an information technology job search website, that was placed by 3i and did not identify Ranbaxy as its client. Ms. Naples was hired after Ranbaxy interviewed her in New Jersey. While Ms. Naples continued to live in Connecticut, she performed services under the terms of the Tekdoc-3i contract for Ranbaxy in New Jersey and in India until March 2006, when Ranbaxy did not renew its contract with 3i.

Ms. Naples filed this action for, among other things, breach of contract, gender discrimination, and misrepresentation against both 3i and Ranbaxy. She claims that Defendants breached a contract with her when they sent her to India and failed to provide her with proper working conditions, that she was discriminated against her because of her gender, that Defendants failed to compensate her in full for the work she performed, and that she was promised a position as validation manager for Ranbaxy but never received the position. At oral argument, Plaintiffs' counsel acknowledged that any misrepresentations were made to Ms. Naples in New Jersey, not Connecticut.

## II.

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *see also Cent. Dispatch Solutions, LLC v. Merchandisers for Hire*, No. 3:05CV1041 (MRK), 2006 WL 566432, at *1 (D. Conn. Mar. 7, 2006).

> [T]he nature of the plaintiff's obligation varies depending on the procedural posture of the litigation. Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . . legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations.

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990); *see also Magnetic Audiotape*, 334 F.3d at 206. In a case such as this one, however, where the Court authorized discovery on jurisdiction and where the parties conducted that discovery, "the plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. . . . *At that point, the* prima facie *showing must be factually supported*." *Ball*, 902 F.2d at 197 (internal citations

omitted, emphasis added); *see also id*. ("If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction."); *Magnetic Audiotape*, 334 F.3d at 206.

To determine whether personal jurisdiction exists, the Court must conduct a two-part inquiry. *Cent. Dispatch Solutions*, 2006 WL 566432, at *1 (citing *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005)). The Court asks first whether jurisdiction exists under Connecticut law. Here, Plaintiffs base personal jurisdiction over Ranbaxy on Connecticut's long-arm statute, Conn. Gen. Stat. § 33-929(f):

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

If jurisdiction exists under the statute, the Court must next ask whether exercise of personal jurisdiction over Defendant comports with due process principles. The Court need not address due process principles, because the Court is satisfied that there is no personal jurisdiction over Ranbaxy under Connecticut's long-arm statute.

### III.

Ranbaxy is a Delaware corporation, with its principal place of business and administrative operations located in Princeton, New Jersey and "no facilities or employees in Connecticut." Def. Mem. of Law in Supp. of Mot. to Dismiss [doc. # 46] ("Def. Mem.") at 1. Ranbaxy also asserts that it "owns no property in Connecticut; does not advertise, market or otherwise solicit business in Connecticut; does not produce, manufacture or distribute goods with the reasonable expectation that they will be used or consumed in Connecticut; and has no contract with Plaintiffs made in Connecticut or to be performed in Connecticut, or in any other jurisdiction." *Id*. Elsewhere, Ranbaxy adds that "none of the allegedly tortious acts occurred in Connecticut." *Id*. at 7. Finally, Ranbaxy states that its contract with 3i "was negotiated, executed, and performed in New Jersey," *id*. at 2, and that Plaintiffs "never provided services to Ranbaxy in or from Connecticut," *id*. at 4.

These statements by Ranbaxy are largely undisputed by Plaintiffs. Instead, Plaintiffs make three arguments in support of jurisdiction. First, they claim that jurisdiction is appropriate because Ms. Naples resided in Connecticut throughout the time she worked for Ranbaxy. Second, Plaintiffs contend that from time to time, she worked on weekends and certain other days for Ranbaxy from her Connecticut home. Third, she argues that jurisdiction over Ranbaxy is proper because Ranbaxy Pharmaceutical has made sales of some of its products in Connecticut. None of Plaintiffs' arguments has merit.

That Ms. Naples resided in Connecticut and commuted to Ranbaxy's facility in New Jersey does not provide a basis for personal jurisdiction over Ranbaxy. Ranbaxy did not make a contract in Connecticut; nor did it solicit goods or services in Connecticut. The Ranbaxy-3i contract was made in New Jersey; the Tekdoc-3i contract was made in Pennsylvania; Ranbaxy did not advertise

5

for employees in Connecticut (though 3i did); and Ms. Naples performed nearly all of her services in New Jersey or India.  Ranbaxy paid 3i for Ms. Naples services, and then 3i, in turn, paid Ms. Naples' company.

Under § 33-929(f), "it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." *Thomason v. Chem. Bank*, 234 Conn. 281, 291 (1995); *see also Am. Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Group, Inc.*, 312 F. Supp. 2d 247, 252-56 (D. Conn. 2004).  Here, however, Ranbaxy had no contact at all with Connecticut.  A cause of action arises out of the transaction of business where the litigation "bears some connection with the business conducted by the foreign corporation in this state." *Lombard Bros., Inc. v. Gen. Asset Mgmt. Co.*, 190 Conn. 245, 252 (1983).  Given the undisputed facts, it is difficult to understand why personal jurisdiction would lie against Ranbaxy for conduct that occurred in New Jersey merely because Ms. Naples decided to commute to her job in New Jersey from her home in Connecticut.

It is true, as Ms. Naples alleges, that on occasion she worked at her home on weekends or on certain vacation days.  However, this case does not arise from that work, and therefore, that fact does not help Ms. Naples.  As District Judge Janet Hall has observed:

> Whenever a plaintiff has sought to rely on *its own* performance of the contract in Connecticut to satisfy the long-arm statute, the courts have found jurisdiction only where (1) the contract expressly contemplated or required performance in Connecticut; or (2) the plaintiff had actually performed its obligations in Connecticut and such performance was the most substantial part of the obligations to be performed under the contract.

*Aurand v. Contemporary Mktg., Inc.*, No. 3:05CV1053 (JCH), 2005 WL 3499995, at *3 (D. Conn.

Dec. 20, 2005); *see also General Star Indem. Co. v. Anheuser-Busch Cos.*, 3:97-CV-2542 (EBB), 1998 WL 774234, at * 4 (D. Conn. Aug. 24, 1998) (citing cases).  Here, the contract contemplated that she would perform her obligations in New Jersey and for the most part, that is precisely where Ms. Naples performed her duties.  In those circumstances, Plaintiffs cannot base jurisdiction on the fact that from time to time Ms. Naples performed some work from her home in Connecticut.  *See Donner v. Knoa Corp.*, No. 3:01-CV-2171 (JCH), 2002 WL 31060366, at *3 (D. Conn. July 29, 2002) (concluding that, under an alternative provision of Connecticut's long-arm statute, "[t]he fact that a company allows an employee to work from home, at his convenience, is not a sufficient basis to invoke personal jurisdiction").

Plaintiffs also rely on sales of products by Ranbaxy Pharmaceuticals in Connecticut.  Such sales might conceivably support a claim of personal jurisdiction over Ranbaxy Phamaceuticals, but it would not support jurisdiction over Ranbaxy unless Plaintiffs could pierce the corporate veil of these corporations.  "[M]ere ownership by a parent corporation of a subsidiary corporation present in the forum state generally will not subject the parent to personal jurisdiction in that forum. . . . This rule applies even when the separation between parent and subsidiary is merely formal, as long as it is real."  *Savage v. Scripto-Tokai Corp.*, 147 F. Supp. 2d 86, 93 (D. Conn. 2001) (internal quotation marks and citations omitted); *see generally Hersey v. Lonrho, Inc.*, 73 Conn. App. 78 (2002).  To subject Ranbaxy to jurisdiction in Connecticut, "the court would need to pierce the corporate veil to conclude that, because [Ranbaxy Pharmaceuticals does] business in Connecticut, [Ranbaxy] does business here as well."  *Am. Wholesale Underwriting*, 312 F. Supp. 2d at 257.

Plaintiffs seem to be relying on the "identity rule" as a basis for attributing Ranbaxy Pharmaceuticals actions to Ranbaxy.

> [T]he identity rule primarily applies to prevent injustice in the situation where two corporate entities are, in reality, controlled as one enterprise because of the existence of common owners, officers, directors or shareholders and because of the lack of observance of corporate formalities between the two entities. . . .  The Connecticut Supreme Court has defined the identity rule as follows: "If plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise." . . .  Generally speaking, the identity rule imposes liability when two corporations or a corporation and an individual should properly be considered one in the same.

*Am. Wholesale Underwriting*, 312 F. Supp. 2d at 257-58 (quoting *Angelo Tomasso, Inc. v. Armor Constr. & Paving*, 187 Conn. 544, 554 (1982)) (other internal quotation marks and citations omitted).  "There must be such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal." *Angelo Tomasso*, 187 Conn. at 556 (internal quotation marks and citation omitted).

Despite discovery, Plaintiffs have not come close to producing the kind of evidence that would be needed to pierce the corporation veil between these sibling subsidiaries of RLL.  Plaintiffs make no claim that these companies have failed to observe the corporate formalities or were identical in any way.  No evidence shows that Ranbaxy Pharmaceuticals and Ranbaxy "failed to observe corporate formalities," or that RPI "has not existed as a separate entity from" Ranbaxy.  *See Lake v. Bayer Corp.*, No. X10UWYCV055001416S, 2006 WL 2411379, at *4 (Conn. Super. July 25, 2006); *see also Am. Wholesale Underwriting*, 312 F. Supp. 2d at 258 ("Plaintiff has not met its burden of demonstrating that defendant's corporate form should be disregarded . . . .  Plaintiff does not offer any evidence that [the parent corporation] dominates or controls its subsidiaries.  Rather, plaintiff

offers no evidence beyond that which would be customary in a parent-subsidiary relationship.").

At base, Plaintiffs premise their piercing claim on two facts. First, Plaintiffs allege that some of the officers of Ranbaxy also were officers of Ranbaxy Pharmaceuticals. But, as the Supreme Court has noted, "directors and officers holding positions with a parent and its subsidiary can and do change hats to represent the two corporations separately, despite their common ownership." *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) (quotation marks omitted); *see also Yankee Gas Servs. Co. v. UGI Utils., Inc.*, 616 F. Supp. 2d 228, 241-42 (D. Conn. 2009). The corporate veil may only be pierced based on the dual role of a director or officer when there is evidence that the director or officer managed or directed activities at the subsidiary while acting in his capacity as an employee of the parent corporation. *See Bestfoods*, 524 U.S. at 71; *Yankee Gas*, 616 F. Supp. 2d at 242. Plaintiffs have no such evidence. Second, Plaintiffs say that Ranbaxy supplied services to Ranbaxy Pharmaceuticals. That is true, but it was pursuant to a contract between Ranbaxy and Ranbaxy Pharmaceuticals, in which the companies, according to Ranbaxy, dealt with each other at arms length and pursuant to a contract for services. Plaintiffs have no proof to the contrary.[1]

Therefore, the Court is satisfied that Plaintiffs have not made their *prima facie* showing of personal jurisdiction over Ranbaxy. Rather than dismiss the case, the Court will instead, with the consent of the parties, exercise its discretion to transfer this case to the District of New Jersey. Accordingly, the Motion to Dismiss [doc. # 44] is granted insofar as the Court concludes that there is no personal jurisdiction over Ranbaxy; the motion is denied to the extent it seeks dismissal of this

---

[1] Plaintiffs invoke Judge Arterton's opinion in *A Slice of Pie Productions v. Wayans Brothers Entertainment*, 392 F. Supp. 2d 297 (D. Conn. 2005). However, in that case the person seeking to challenge jurisdiction had "repeated[ly] solicit[ed] . . . scripts and clients in Connecticut." *Id*. at 304. No such facts are presented here.

case. **The Court directs the Clerk of the Court to transfer this case to the United States District Court for the District of New Jersey, and to close this file.**

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: December 15, 2009.**

10