**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TEKDOC SERVICES, LLC, et al. : | CIVIL ACTION NO. 09-6573 (MLC) |
| Plaintiffs, : | **O R D E R** |
| v. : |  |
| 3i-INFOTECH, INC., et al. : |  |
| Defendants. : |  |

**DEFENDANT** 3i-Infotech, Inc. ("Infotech") moving for summary judgment with respect to Count 1 through Count 8 of the Second Amended Complaint, wherein Plaintiffs, TekDoc Services, LLC and Lou Ann Naples ("Plaintiffs"), raise claims against Infotech for breach of contract, fraud in the inducement, unjust enrichment, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, innocent misrepresentation, unfair trade practices, and negligent infliction of emotion distress (dkt. entry no. 116, Infotech Mot.; dkt. entry no. 95, Second Am. Compl. at 2-11); and Defendant Ranbaxy, Inc. ("Ranbaxy") separately moving for summary judgment with respect to Count 9 through Count 15 of the Second Amended Complaint, wherein Plaintiffs raise claims against Ranbaxy for breach of contract, fraud in the inducement, unjust enrichment, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, innocent misrepresentation, and negligent infliction of emotional distress (dkt. entry no. 107, Ranbaxy Mot.; Second Am. Compl. at 11-17); and

**IT APPEARING THAT** Infotech, in its brief in support of its motion, cited Connecticut law, noting that "Plaintiffs' claims against [Infotech] were originally filed in Connecticut, and ostensibly are brought under Connecticut law[,]" but otherwise failing to articulate why citation to Connecticut law was appropriate, by reference to relevant portions of the record or citations to choice-of-law authority (dkt. entry. no. 116, Attach. 2, Infotech Br. at 5 n.1; see also dkt. entry no. 133, Infotech Reply); and that Ranbaxy, in its brief in support of its separate motion, cited New Jersey law without citations or references to relevant choice-of-law authority (see dkt. entry no. 107, Ranbaxy Br.); and that Plaintiffs, in their jointly filed and respective opposition briefs, cited Connecticut and New Jersey law without citations or references to relevant choice-of-law authority (see dkt. entry nos. 124 and 128); and

**IT APPEARING THAT** this action arises, in part, from the alleged commission of acts constituting fraud in the inducement, negligent misrepresentation, innocent misrepresentation, and negligent infliction of emotional distress (see Second Am. Compl. at 7-11, 15-17); and the Court recognizing that, with respect to such claims, the Court must apply the choice-of-law rules of the forum state, Cooper v. Samsung Elecs. Am., Inc., 374 Fed.Appx. 250, 254 (3d Cir. 2009); and the Court further recognizing that, with respect to choice-of-law issues arising from tort claims,

the New Jersey Supreme Court has adopted the "most significant relationship test", see generally P.V. ex rel. T.V. v. Camp Jaycee, 962 A.2d 453 (N.J. 2009); and

**IT FURTHER APPEARING THAT** this action arises, in part, from the alleged breach of two written contracts, i.e., the July 30, 2004 Master Services Agreement between Infotech's predecessor-in-interest, Innovative Business Solutions, Inc. ("IBSI"), and Ranbaxy ("Master Services Agreement") and the January 18, 2005 Software Services Agreement between IBSI and TekDoc Services, LLC ("Software Services Agreement") (dkt. entry no. 123, Sabatini Aff., Ex. 7, Master Services Agreement; dkt. entry no. 123, Sabatini Aff., Ex. 8, Software Services Agreement); and that the Master Services Agreement states that it "is governed by the laws of the State of New Jersey without regard to conflict of laws" (Master Services Agreement at 2); and that the Software Services Agreement states that it "shall be governed by laws of Pennsylvania" (Software Services Agreement at ¶ 15); and

**THE COURT RECOGNIZING THAT**, in evaluating whether such contractual choice-of-law clauses are enforceable, the Court must apply the choice-of-law rules of the forum state, Homa v. Am. Express Co., 558 F.3d 225, 227 (3d Cir. 2009); and that the New Jersey Supreme Court has held that a contractual choice-of-law clause has effect unless "(a) the chosen state has no substantial relationship to the parties or the transaction and

3

there is no other reasonable basis for the parties' choice," or "(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties[,]" Instructional Sys., Inc. v. Computer Curriculum Corp., 614 A.2d 124, 133 (N.J. 1992); and that a "substantial relationship" exists with a state when one of the parties is headquartered in that state, Cobalis Corp. v. Cornell Capital Partners, LP, No. 11-4716, 2011 WL 4962188, at *6 (D.N.J. Oct. 18, 2011); and

**THE COURT RECOGNIZING THAT** the parties' conduct in this case may be governed by the laws of the States of Connecticut, Pennsylvania, and/or New Jersey; and that proper disposition of the motions requires a thorough choice-of-law analysis, to determine which State's law applies to each of Plaintiffs' claims; and that such analysis may control the disposition of the separate motions, in part or in whole; and the Court thus determining that the parties must research and brief the choice-of-law issues relating to each claim, and, in light of such research, evaluate and perhaps re-brief their respective positions on any motion for summary judgment; and for good cause appearing:

**IT IS THEREFORE** on this    27th    day of October, 2011, **ORDERED** that the motion for summary judgment by Defendant 3i-Infotech, Inc. ("Infotech") (dkt. entry no. 116) is **DENIED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that Infotech is **GRANTED LEAVE** to move for summary judgment again upon a proper notice of motion and in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules; and

**IT IS FURTHER ORDERED** that any briefs filed upon such motion, whether filed by Infotech or by Plaintiffs, TekDoc Services, LLC and Lou Ann Naples ("Plaintiffs"), shall contain a thorough choice-of-law analysis as it pertains to each of the claims discussed therein; and

**IT IS FURTHER ORDERED** that the motion for summary judgment by Defendant Ranbaxy, Inc. ("Ranbaxy") (dkt. entry no. 107) is **DENIED WITHOUT PREJUDICE**; and

**IT IS FURTHER ORDERED** that Ranbaxy is **GRANTED LEAVE** to move for summary judgment again upon a proper notice of motion and in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules; and

**IT IS FURTHER ORDERED** that any briefs filed upon such motion, whether filed by Ranbaxy or by Plaintiffs, shall contain a thorough choice-of-law analysis as it pertains to each of the claims discussed therein.

                                                      s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge