**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEKDOC SERVICES, LLC, et al., | CIVIL ACTION NO. 09-6573 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| 3i-INFOTECH INC., et al., | |
| Defendants. | |

**COOPER, District Judge**

The plaintiffs, Lou Ann Naples ("Naples") and TekDoc Services, LLC ("TekDoc") (collectively, "Plaintiffs"), bring this action against the defendants, 3i-Infotech Inc. ("Infotech", formerly known as Innovative Business Solutions, Inc. ("IBSI")) and Ranbaxy, Inc. ("Ranbaxy"). (See generally dkt. entry no. 95, Second Am. Compl.)[1] Plaintiffs assert claims against Infotech and Ranbaxy for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, innocent misrepresentation, fraud in the inducement, negligent misrepresentation, and negligent infliction of emotional distress. (Id. at 1-9, 10-17.) They also assert a claim against Infotech for alleged violations of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110(a), et seq. ("CUTPA"). (Id. at 9.)

---

[1] The Court acknowledges that Plaintiffs initially interacted and contracted with IBSI rather than Infotech. We will, for ease of reference, nevertheless refer to that party only as "Infotech".

Ranbaxy earlier moved for summary judgment in its favor and against Plaintiffs on all of the claims asserted against it. (See dkt. entry no. 106, First Ranbaxy Mot.) The Court, following thorough review of the briefs filed in support of and in opposition to that motion, and upon consideration of the claims asserted against Ranbaxy, denied the First Ranbaxy Motion without prejudice. (See dkt. entry no. 135, 10-27-11 Order at 5.)[2] The Court noted, inter alia, (1) the need for choice of law analysis on all of the claims asserted against Ranbaxy, and (2) that neither Ranbaxy nor Plaintiffs set forth such analysis. (See id. at 2, 4.) The Court thus granted Ranbaxy leave to move anew for summary judgment, and instructed the parties to include thorough choice of law analysis in any briefs filed upon that motion. (Id. at 5-6.)

Ranbaxy now moves again for summary judgment in its favor and against Plaintiffs on all of the claims asserted against it. (See dkt. entry no. 146, Second Ranbaxy Mot.; dkt. entry no. 146-2, Ranbaxy Br.)[3] Plaintiffs oppose the motion. (See dkt. entry no. 151, Pls.' Opp'n Br.) The Court has considered the Second Ranbaxy Motion on the papers, pursuant to Local Civil Rule 78.1(b).

---

[2] The Court also denied Infotech's separately filed motion for summary judgment, without prejudice. (10-27-11 Order at 5.)

[3] Infotech, like Ranbaxy, has moved again for summary judgment in its favor and against Plaintiffs on all of the claims asserted against it. (See dkt. entry no. 137, Second Infotech Motion.) The Court separately resolved that motion. (See dkt. entry no. 160, 8-16-12 Mem. Op.; dkt entry no. 161, 8-16-12 Order & J.)

### I. The Court Will Deny the Second Ranbaxy Motion Without Prejudice

It appears that the parties have again failed, despite the Court's earlier instruction, to thoroughly analyze the choice of law issues relating to each of the claims asserted against Ranbaxy. (See Br. Supporting Second Ranbaxy Mot. at 22-36; Pls.' Opp'n Br. at 13-17.) The Court will thus, for good cause appearing, issue an appropriate Order: (1) denying the Second Ranbaxy Motion without prejudice; (2) granting Ranbaxy leave to move anew for summary judgment in its favor and against Plaintiffs on all of the claims asserted against it; and (3) again instructing the parties that they must, in any briefs filed on a motion for summary judgment in this action, thoroughly and meaningfully analyze the choice of law issues relating to each of the claims asserted against Ranbaxy.[4]

The Court believes that the parties will benefit from further guidance and instruction on the choice of law issues inherent in

---

[4] The Court, having considered the issues implicated by the Second Ranbaxy Motion, intends to grant summary judgment in Ranbaxy's favor and against Plaintiffs insofar as the Second Ranbaxy Motion concerns Plaintiffs' "innocent misrepresentation" claim. See Fed.R.Civ.P. 56(f) (permitting Court to grant summary judgment on grounds other than those raised by the parties, following notice and a reasonable amount of time to respond). It appears that neither Connecticut nor New Jersey, the forums that allegedly were affected by Plaintiffs' "innocent misrepresentation" claim, recognize it as an independent claim or cause of action. (See 8-16-12 Mem. Op. at Section II.A.3.a.)
   The parties may respond to this notice by incorporating argument upon it in their respective briefs upon Ranbaxy's forthcoming motion for summary judgment.

this action.[5]  The remainder of this Memorandum Opinion thus serves three purposes.  First, we set forth general choice of law rules that govern this action.  The parties should refer to these rules in their respective analyses.  Second, we identify the alleged factual bases for each of the claims asserted against Ranbaxy.  We do not, while setting forth these bases, make any findings of fact.  We merely recite the factual allegations provided by the parties.  Finally, based on the choice of law rules that apply and the alleged factual bases for each claim, we identify the forums whose law could control each of the claims at issue.

## II.  Choice of Law

### A.  General Rules

The Court recognizes that jurisdiction in this action arises from 28 U.S.C. § 1332.  (See 8-16-12 Mem. Op. at 19 (recognizing complete diversity of citizenship between Plaintiffs and the defendants).)  We also recognize that the United States District Court for the District of Connecticut ("Connecticut District Court") transferred the action to this Court pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)").  (See dkt. entry no. 74, Receipt of

---

[5] The Court issues this Memorandum Opinion in the exercise of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

4

Transfer Order; dkt. entry no. 71, 12-15-09 Order at 1, 14 (stating that the action was transferred pursuant to Section 1404(a)).)[6]

"In an action based on diversity of citizenship, a federal court generally applies the choice-of-law rules of the jurisdiction in which it sits."  Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167, 170 (3d Cir. 2011) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  A federal court receiving a case by transfer under Section 1404(a) must, however, apply the same choice of law analysis that the transferor court would apply.  Ferens v. John Deere Co., 494 U.S. 516, 524-31; Amica, 656 F.3d at 171.  The Court will thus apply Connecticut's choice of law rules, the same rules that the Connecticut District Court would have applied had it retained this action.  See Amica, 656 F.3d at 171.

Connecticut courts "apply an individualized choice of law analysis" to each of the litigants' claims.  Macomber v. Travelers Prop. & Cas. Corp., 894 A.2d 240, 256 (Conn. 2006).  "The threshold choice of law issue in Connecticut, as it is elsewhere, is whether

---

[6] To the extent that Ranbaxy implies that the Connecticut District Court transferred the action to this court pursuant to 28 U.S.C. § 1406, it is mistaken.  (See Ranbaxy Br. at 22 (implying without citation that the Connecticut District Court transferred the action under 28 U.S.C. § 1406(a) because "Connecticut was an improper forum for Plaintiffs' claims against Ranbaxy").)  The Connecticut District Court unambiguously stated that "the parties agreed that . . . the Court should transfer the case to the United States District Court for the District of New Jersey, under 28 U.S.C. § 1404(a)".  (12-15-09 Order at 1 (emphasis added).)

5

there is an outcome determinative conflict between applicable laws of the states with a potential interest in the case. If not, there is no need to perform a choice of law analysis, and the law common to the jurisdiction should be applied." Cohen v. Roll-A-Cover, LLC, 27 A.3d 1, 16 (Conn. App.), certification denied, 33 A.3d 739 (Conn. 2011) (citation omitted).

    **B.    Choice of Law Relating to Plaintiffs' Breach of Contract Claims**

Connecticut courts have, with respect to claims sounding in breach of contract, adopted the "significant relationship" test set forth in Section 188 of the Restatement (Second) of Conflict of Laws ("Section 188"), "and presume the application of the law of the state in which the bulk of the transaction took place." See Macomber, 894 A.2d at 257. The significant relationship test will determine the choice of law both for Plaintiffs' breach of contract claims and for their breach of implied warranties claim. See Collins v. Anthem Health Plans, Inc., 880 A.2d 106, 119 (Conn. 2005) (finding that claim for "breach of the implied covenant of good faith and fair dealing" "sounds in breach of contract"); Wilson v. Amerada Hess Corp., 773 A.2d 1121, 1126-27, 1129 (N.J. 2001) (demonstrating that implied contractual covenants, like express contractual covenants, rise from and relate to parties' contract); 1266 Apartment Corp. v. New Horizon Deli, Inc., 847 A.2d 9, 11 (N.J. App. Div. 2004) ("The implied covenant of good faith

6

and fair dealing is used to measure a party's performance under a contract. . . .  The implied covenant of good faith and fair dealing is used to measure a party's performance under a contract.").

Section 188 instructs courts to consider five factors when determining which forum bears the most significant relation to a contract.  Those factors are: (1) place of contracting; (2) place of negotiation of the contract; (3) place of performance; (4) location of the subject matter of the contract; and (5) the domicil, residence, nationality, place of incorporation, and place of business of the parties.  Restatement (Second) of Conflict of Laws § 188(2) (1971).  Each of these Section 188 factors should "be evaluated according to their relative importance with respect to the particular issue."  Id.

Section 188 also provides rules for applications to certain situations and types of contracts.  It provides, for example, that where "the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied".  Id. § 188(3); see also Reichhold Chems., Inc. v. Hartford Accident & Indem. Co., 750 A.2d 1051, 1055, 1055 n.4 (Conn. 2000).  Section 188 also directs attention to Section 196 of the Restatement (Second) of Conflict of Laws ("Section 196"), which provides that contracts for services will generally be governed by

7

"the local law of the state where the contract requires that the services, or a major portion of the services, be rendered, unless . . . some other state has a more significant relationship . . . to the transaction and the parties". Restatement (Second) of Conflict of Laws § 196; see also Reichhold Chems., 750 A.2d at 1055 ("Section 188 . . . directs [the Court] to other provisions for specific types of contracts.").

Plaintiffs premise the breach of contract claim on three sets of factual allegations, i.e., those related to Ranbaxy's alleged failure to: (1) offer Naples permanent employment; (2) timely remit payment; and (3) inform Naples of, respond to Naples's complaints about, or otherwise properly redress Naples's living and working conditions in the Republic of India ("India"). (See Second Am. Compl. at Ninth Count, ¶ 9; see also Pls.' Opp'n Br. at 22, 24-26, 27-30.) It appears that the breach of contract claim, insofar as it concerns the first and second of these alleged factual bases, will thus be controlled by the laws of either Connecticut or New Jersey. The place of contracting, the place of negotiation, the place of performance, the location of the subject matter of the contract, and citizenship of the parties all appear to implicate either Connecticut or New Jersey. The parties should thus determine: (1) whether there exists a conflict of law between the laws of Connecticut and New Jersey; and (2) if such a conflict

8

exists, which forum has the most significant relationship to these aspects of the breach of contract claim.

It appears, however, that the breach of contract claim, insofar as it concerns Naples's placement and work in India, may implicate the laws of Connecticut, New Jersey, or India. It appears that both the place of performance and the location of the subject matter of the alleged contract concern India, and may implicate its laws. The parties should thus analyze the laws of Connecticut, New Jersey, and India, and determine: (1) whether a conflict of law exists between the laws of Connecticut, New Jersey, and India; and (2) if such a conflict exists, which forum -- that is, Connecticut, New Jersey, or India -- has the most significant relationship to these aspects of the breach of conflict claim. See Ramakrishna v. Besser Co., 172 F.Supp.2d 926, 932-33 (E.D. Mich. 2001) (analyzing choice of law and determining whether India or one of several states had the most significant contacts with the contract at issue).

The Court believes that the above-discussed choice of law rules may similarly apply to the Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. See De La Concha of Hartford, Inc. v. Aetna Life Ins. Co., 849 A.2d 382, 388 (Conn. 2004) (demonstrating that claims for breach of contract and breach of the implied covenant of good faith and fair dealing are

9

intertwined); Wade v. Kessler Inst., 798 A.2d 1251, 1262 (N.J. 2002) (same).  The Court acknowledges, however, that it lacks the resources to independently research the law of India in this respect.  The parties must research the issue -- as they must research all issues implicated by this action -- and incorporate their research into their legal briefs.

    **C.    Choice of Law Rules Relating to Plaintiffs' Unjust Enrichment Claim**

The Court initially notes that Plaintiffs' unjust enrichment claims seemingly implicate the laws of either Connecticut or New Jersey.  The Court also notes that those claims appear to sound in the law of contracts.  See Karo Mktg. Grp., Inc. v. Playdrome Am., 752 A.2d 341, 347-48 (N.J. App. Div. 2000), abrogated on other grounds by Banco Popular N. Am. v. Gandi, 876 A.2d 253, 261 (N.J. 2005) (unjust enrichment sounds in contract law); see also Town of New Hartford v. Conn. Res. Recovery Auth., 970 A.2d 592, 611 n.25 (Conn. 2009) (noting that an unjust enrichment claim may also be referred to as a claim for "quasi-contract" or a "contract implied in law"); Gianetti v. Greater Bridgeport Individual Practice Ass'n, No. 02-4001686, 2005 WL 2078546, at *8 (Conn. Super. Ct. July 21, 2005) ("unjust enrichment is a form of contract action, often called 'quasi-contract'") (citing Fischer Co. v. Morrison, 78 A.2d 242, 244-45 (Conn. 1951)); but see Macomber, 894 A.2d at 256 (stating without explanation or relevant citation that unjust

enrichment claims sound in tort). It thus appears that the choice of law rules that apply to Plaintiffs' breach of contract claims would also apply to their unjust enrichment claim.

We note, however, that the "threshold choice of law issue in Connecticut," is, as noted above, "whether there is an outcome determinative conflict between applicable laws of the states with a potential interest in the case." Cohen, 27 A.3d at 16. No such conflict appears to exist between the laws of Connecticut and New Jersey relating to unjust enrichment. Both states' courts recognize that unjust enrichment is an equitable remedy that applies where: (1) a defendant receives a benefit; (2) defendant's retention of that benefit would act to the plaintiff's detriment; and (3) under the circumstances, it would be inequitable for defendant to retain that benefit. See Gagne v. Vaccaro, 766 A.2d 416, 423-24 (Conn. 2001); Breen v. Judge, 4 A.3d 326, 335 (Conn. App. 2010); Hipple v. Estate of Mayer, No. A-4003-05T5, 2007 WL 1080421, at *8 (N.J. App. Div. Apr. 12, 2007). Both states' courts recognize that plaintiffs may raise alternative claims for unjust enrichment and breach of contract. See Kas Oriental Rugs, Inc. v. Ellman, 926 A.2d 387, 392 (N.J. App. Div. 2007); Stein v Horton, 914 A.2d 606, 613-14 (Conn. App. 2007). And both states' courts recognize that plaintiffs may not recover for unjust enrichment when they premise an unjust enrichment claim on duties rising from

11

a valid and express contract.  Compare Gagne, 766 A.2d at 424 ("Unjust enrichment applies whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract.  Indeed, lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment." (citations omitted)), with Kas Oriental Rugs, 926 A.2d at 392 ("It is a well settled rule that an express contract excludes an implied one.  An implied contract cannot exist when there is an existing express contract about the identical subject.  The parties are bound by their agreement, and there is no ground for implying a promise.")

Plaintiffs argued in their brief upon the Second Ranbaxy Motion that an unjust enrichment claim sounds in tort.  (Pls.' Opp'n Br. at 15, n.2 (citing Macomber, 894 A.2d at 256-57).)  The Court, after independently researching the issue and analyzing the cases set forth above, disagrees.  The parties may, however, set forth alternative choice of law arguments upon the unjust enrichment claims as though those claims sound in tort.

**D.  Choice of Law Rules Relating to Plaintiffs' Tort Claims**

Connecticut courts, when analyzing choice of law issues relating to tort claims, apply "the law of the state in which the plaintiff was injured, unless to do so would produce an arbitrary or irrational result."  Macomber, 894 A.2d at 257.  This test

applies to Plaintiffs' claims for fraud in the inducement, negligent misrepresentation, and negligent infliction of emotional distress. Id. at 256-57.

### 1. Plaintiffs' Claims for Fraud in the Inducement and Negligent Misrepresentation

Plaintiffs argue that their fraud and negligent misrepresentation claims are premised upon Ranbaxy's alleged, repeated promises that it would convert Naples from a temporary consultant to a permanent employee. (See Pls.' Opp'n Br. at 18-20.) They also argue, as such argument pertains to the negligent misrepresentation claim, that Ranbaxy misrepresented certain facts about the creation of the permanent position at issue and Naples's accommodations in India. (Id. at 20.)

It thus appears, after a thorough review of the Second Amended Complaint and the briefs upon the Second Ranbaxy Motion, that Plaintiffs were injured by the alleged fraud in either New Jersey or India. Plaintiffs, as noted above, argue that Naples would not have accepted Ranbaxy's offers for temporary employment in either Princeton, New Jersey or India but for their promises of permanent employment. (See id.) Naples could thus have been injured by continuing to work for Ranbaxy (in either New Jersey or India), to the exclusion of other employers. She could also have been injured in either New Jersey or India by Ranbaxy's alleged

13

misrepresentations about the creation of a permanent position and about Naples's accommodations in India.

The parties should thus determine, with respect to the fraud claim: (1) whether there exists a conflict of law between the law of New Jersey and the law of India; and (2) if such conflict exists, where Plaintiffs suffered injury as a result of the alleged fraud.  If applying the law of the forum where Plaintiffs suffered injury would "produce an arbitrary or irrational result", the parties must demonstrate which other forum's laws should apply. See Macomber, 894 A.2d at 257.

### 2. Plaintiffs' Negligent Infliction of Emotional Distress Claim

It appears that damages resulting from Plaintiffs' negligent infliction of emotional distress ("NIED") claim may have occurred in several forums, i.e., Connecticut, New Jersey, and India. Naples argues that the emotional distress "caused by her treatment" in India was "severe and enduring". (Pls.' Opp'n Br. at 34.)  She describes such distress as beginning upon her arrival in India and continuing to today.  (See id. at 34-35.)

It thus appears that the parties must analyze the laws of Connecticut, New Jersey, and India to determine which forum's laws control the Court's resolution of the NIED claim.  The parties must determine, with respect to the NIED claim: (1) whether there exists a conflict of law between the law of Connecticut, New Jersey, and

14

India; and (2) if such conflict exists, where Plaintiffs suffered injury as a result of the alleged fraud.  If applying the law of the forum where Plaintiffs suffered injury would "produce an arbitrary or irrational result", the parties must demonstrate which other forum's laws should apply.  See Macomber, 894 A.2d at 257.

### III. Conclusion

The Court is mindful that the choice of law analysis outlined above, particularly insofar as it involves the analysis of the laws of India, is both time-consuming and difficult.  It is, however, a necessary predicate to the Court's resolution of Plaintiffs' claims.  The Court thus expects that the parties will devote appropriate time and attention to these issues.

                                                          s/ Mary L. Cooper  
                                                         **MARY L. COOPER**  
                                                         United States District Judge

Dated:     August 17, 2012